(No. 4286— )

DEWEY E. STOWE, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 19, 1950.*

DEWEY E. STOWE, Claimant, pro se.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Dewey E. Stowe, seeks to recover from respondent for the loss of his right index finger as a result of an accident arising out of and in the course of his employment as a highway section man in the Division of Highways, Department of Public Works and Buildings.

On June 6, 1949, claimant was operating a power mower along State Aid Route No. 18 in Iroquois County. The cutter bar on such mower slipped out of operating alignment, and, while trying to place the cutter bar in operating position, the sickle in the cutter bar moved, catching claimant's right index finger.

The soft tissues of such finger were severely lacerated, all tendons thereof were severed, and the third phalanx of the finger was fractured. On July 11, 1949, after the splint was removed, claimant, who had been instructed by his attending physician to do so, was forcibly exercising his finger, and, in so doing, the sutured tendons were torn apart, and the finger refractured. As a result of this therapeutic misfortune, claimant's right index finger became deformed, swollen, pain-

ful in some portions, numb in others, and useless. In fact, the finger interfered with the function of claimant's right hand as a whole.

On August 24, 1949, claimant's right index finger was amputated at its base where said finger joined the palm of his hand, or in medical terminology at the metatarsophalangeal joint.

No jurisdictional questions are involved, and claimant is entitled to an award under Section 8 (e) (2) of the Workmen's Compensation Act for the permanent and complete loss of his first or index finger. Respondent has furnished and paid for all medical treatment and hospitalization required.

On the date of his injury claimant was 50 years of age, married, but had no children under 16 years of age dependent upon him for support.

Claimant had worked for respondent only since February 18, 1949, at a salary of $203.00 per month, and until his injury had received $729.35. However, under Section 10 of the Workmen's Compensation Act, claimant is held to have earned considerably in excess of $1,560.00 per year, and his rate of compensation is, therefore, $19.50 per week.

Claimant was totally disabled from the date of his injury to and including June 19, 1949, on August 15, 1949, and from August 24 through September 11, 1949. At all other times claimant performed services for respondent, and was paid full salary. For the 33 day period of temporary total disability claimant was paid $150.23 when he should have been paid only $91.93. He was thus overpaid $58.30.

Juanita O. Craig, Danville, Illinois, was employed to take and transcribe the testimony before Commissioner Wise. Her charges amounting to $21.30 are fair

and reasonable, and an award is entered in her favor for such amount.

An award is entered in favor of claimant, Dewey E. Stowe, under Section 8 (e) (2) of the Workmen's Compensation Act for 40 weeks at $19.50 for the complete and permanent loss of his first or index finger in the amount of $780.00, from which should be deducted the overpayment of $58.30, leaving a net award of $721.70, all of which has accrued and is payable forthwith.

The award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."